**Robert Eugene McGAHA**

v.

**STATE OF TENNESSEE.**

**Civ. No. 3–77–260.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 31, 1978.

Robert Eugene McGaha, pro se.

Robert A. Grunow, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This application for habeas corpus relief was dismissed in this Court by order dated August 26, 1977. By order dated August 11, 1978, the United States Court of Appeals for the Sixth Circuit vacated that judgment and remanded the case to this Court for further consideration of petitioner's double jeopardy claim. The State of Tennessee has now filed copies of the judgments of the Juvenile Court and has moved for summary judgment.

■ There cannot be any dispute that if the Juvenile Court acted pursuant to Tenn. Code Ann. § 37–234(a)(4)(i), and restricted its findings of guilt or innocence to the questions of reasonable grounds to believe that the petitioner committed the delinquent act, petitioner's subsequent plea of guilty could not have violated his double jeopardy right. "Without risk of a determination of guilt, jeopardy does not attach . . . ." *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975). The state court records filed by the State of Tennessee render it abundantly clear that the only finding made by the Juvenile Court Judge concerning petitioner's guilt or innocence of the underlying charges related to the issue of probable cause. Such a finding does not raise a double jeopardy issue. *Breed v. Jones,* 421 U.S. 519, 538 n. 18, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Accordingly, petitioner's double jeopardy claim cannot stand and the State of Tennessee's motion for summary judgment must be granted.

■ The Court notes in passing that in remanding this case for examination of the Juvenile Court records, the Sixth Circuit was acting out of an abundance of caution. The petitioner never claimed in this Court, and apparently never claimed on appeal, that the Juvenile Court did in fact formally adjudicate his guilt. Petitioner could not have made such a claim credibly. Tenn. Code Ann. § 37–234 specifically provides that upon the filing of a petition against a juvenile the Juvenile Court shall decide the question of transfer "before hearing the petition on the merits." A Juvenile Court Judge is not free, therefore, to adjudicate guilt or innocence pursuant to Tenn.Code Ann. § 37–229(b) at the same time that the transfer determination is made. The characterization by the Tennessee Supreme Court of the juvenile transfer hearing as "essentially a probable cause hearing," *State v. Strickland,* 532 S.W.2d 912, 921 (Tenn.1975), does not appear to depend upon what actually transpired at a particular hearing, but depends rather on the limited statutory authority possessed by a Juvenile Court Judge in a transfer hearing. The difference between the Tennessee statutory scheme and California system at issue in *Breed v. Jones, supra,* is that under Tenn. Code Ann. § 37–234, the "object" of the transfer hearing is not permitted to be a determination of "whether [the juvenile] has committed acts that violate a criminal law"; nor do the "potential consequences" of the transfer hearing itself include "the stigma inherent in such a determination and the deprivation of liberty for many years." *Breed v. Jones, supra,* 421 U.S. at 529, 95 S.Ct. at 1785. Given the limited statutory authority of a Juvenile Court Judge in a transfer hearing, it is difficult to conceive a factual context which could cause jeopardy to attach in such a proceeding.

■ The petitioner's actual double jeopardy claim appeared to be only that some portion of the evidence which was ultimately introduced in his criminal trial was also introduced at the transfer hearing. Assuming, *arguendo,* that petitioner's factual assertion is accurate, this claim alone fails to raise a double jeopardy issue.

For the foregoing reasons, it is ORDERED that the State of Tennessee's motion for summary judgment be, and the same hereby is, granted, and that this case be dismissed.

Order Accordingly.